ZENO B. BAUCUS
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59106
Phone: (406) 657-6101
FAX:    (406) 657-6989
E-mail: zeno.baucus@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 20-50-M-DLC |
|---|---|
| Plaintiff, | |
| vs. | OFFER OF PROOF |
| ROBERT BRANDON CALLISON, | |
| Defendant. | |

## THE CHARGE

The defendant, Robert Brandon Callison, is charged in a two count Superseding Information. He is charged with Receipt of Child Pornography (Count I), in violation of 18 U.S.C. § 2252(a)(2), and Distribution of Methamphetamine to

1

Person Under the Age of 21 (Count II), in violation of 21 U.S.C. §§ 841(a)(1) and 859.

**PLEA AGREEMENT**

The parties have entered into a plea agreement pursuant to Rules 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant agrees to plead guilty to Count I and II of the superseding information, which charges the crime of receipt of child pornography and distribution of methamphetamine to person under the age of 21. The plea agreement represents, in the government's view, the final and the most favorable offer extended to the defendant in this case. See *Missouri v. Frye*, 566 U.S. 134, 145-46 (2012).

**ELEMENTS**

In order for the defendant to be found guilty of the charges contained in the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:

Count I – Receipt of Child Pornography

First, the defendant knowingly received a visual depiction of sexually explicit conduct;

Second, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, the visual depiction had been shipped or transported or mailed in interstate or foreign commerce, by any means including computer; and

Fourth, the Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct

Count II – Distribution of Methamphetamine to Person under the Age of 21

First, the defendant knowingly delivered methamphetamine to another person who had not attained the age of 21 years;

Second, the defendant knew that it was methamphetamine or some other prohibited drug.

**PENALTY**

The offense in Count I (Receipt of Child Pornography) carries a punishment of five to twenty years imprisonment, a $250,000 fine, $5,000 special assessment, and five years to lifetime supervised release. The offense in Count II (Distribution of Methamphetamine to Person Under the age of 21) carries a mandatory punishment of one to forty years imprisonment, a $1,000,000 fine, and at least six years supervised release.

**ANTICIPATED EVIDENCE**

If this case were tried in United States District Court, the United States would prove the following:

In July 2019, Callison met Jane Doe, an individual under the age of 18, at his Hamilton, Montana residence for the first time. Jane Doe informed Callison that she was a minor during this initial encounter. Although Callison was aware that

3

Jane Doe was a minor, he provided her with methamphetamine and repeatedly requested that she take nude photos and/or videos of herself and send them to his phone. She ultimately complied with his requests and sent him two photos along with a sexually explicit video of herself. Jane Doe informed law enforcement that she transmitted these images and video to Callison utilizing her cellular phone.

Several weeks later, Jane Doe, wanted to obtain methamphetamine from Callison, so she made arrangements to meet him at his Hamilton residence. The two again met and Callison again provided Jane Doe with methamphetamine.

Law enforcement conducted a forensic examination on Jane Doe's cell phone and discovered numerous messages between Jane Doe and Callison. They also uncovered numerous photos of Jane Doe in various stages of undress, along with a sexually explicit video she had taken at Callison's direction and sent to him.

On June 9, 2020, Callison met with law enforcement and agreed to be interviewed. He acknowledged meeting Jane Doe and learning her age and providing her with methamphetamine. He also admitted asking Jane Doe to make sexually explicit images and videos of herself and that she did and sent them to him.

//

//

The United States would have presented this evidence through the testimony of law enforcement, expert witnesses and lay witnesses.

DATED this 30th day of March, 2021.

LEIF JOHNSON
Acting United States Attorney

*/s/ Zeno B. Baucus*
ZENO B. BAUCUS
Assistant U.S. Attorney