**ZENO B. BAUCUS**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 Second Ave North**
**P.O. Box 3200**
**Billings, Montana 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: Zeno.Baucus@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **ROBERT BRANDON CALLISON,**  Defendant. | CR 20-50-M-DLC  **UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America hereby submits the following sentencing memorandum in advance of Defendant Robert Callison's sentencing before this Court, currently scheduled for September 13, 2021.

1

## INTRODUCTION

In the summer of 2019, Jane Doe was a minor; Robert Callison became aware of her age shortly after meeting her. But Jane Doe's age did not give Callison pause. He supplied her with methamphetamine and then remained in contact with her. Following Callison's repeated requests, Jane Doe took sexually explicit photos and a video of herself and then sent them to Callison. He now faces sentencing before this Court for his conduct.

Indicted on three counts, Callison entered a plea of guilty to both counts of the Superseding Information: Count I, charging Receipt of Child Pornography, pursuant to 18 U.S.C. § 2252(a)(2), and Count II, charging Distribution of Methamphetamine to a Person Under the Age of 21, pursuant to 21 U.S.C. §§ 841(a)(1) and 859. PSR ¶¶4–6. The Pre-Sentence Report ("PSR") has determined that Callison has a criminal history category of V and that his total offense level is 33. *Id*. at ¶87. As such, Callison's recommended guideline range is between 210- and 262-months imprisonment. *Id*. The United States does not have any objections to the PSR while Callison has indicated he may have objections. Doc. 37 at 1. After describing the applicable offense conduct involving Callison, this memorandum seeks to provide the Court with the United States' sentencing recommendation.

## OFFENSE CONDUCT

2

In July 2019, Jane Doe met Callison.  PSR ¶12.  Callison was the methamphetamine dealer for Jane Doe's ex-boyfriend, who one day brought her to Callison's home in Hamilton.  *Id.*  Once there, Callison asked Jane Doe her age—she responded that she was 17 years old.  *Id.*  That day, Callison provided Jane Doe with methamphetamine.  *Id.*  After smoking the narcotic, Jane Doe had to contact her aunt, who lived almost 200 miles away in Townsend, to pick her up from the home.  *Id.*

Callison remained in contact with Jane Doe.  *Id.*  In August, he again provided her methamphetamine.  PSR ¶13.  Later that day, at the home of one of Callison's friends, Callison sexually assaulted Jane Doe.  *Id.*  He digitally penetrated her, pulled her hair, and forced her to perform oral sex on him.  *Id.*  All this occurred while Callison had a gun with him.  *Id.*  Jane Doe reported that she felt "forced and scared."  *Id.*  Once back at Callison's apartment, he again tried to have sex with Jane Doe, but she resisted his attempts.  *Id.*

As the summer turned to fall, Callison continued to talk to Jane Doe, using terms of endearment to get close to her.  PSR ¶14.  He increasingly pressured her to produce and then send him sexual pictures and videos.  *Id.*  Eventually, Jane Doe gave in to Callison's requests.  *Id.*  She took two nude photos, as well as a video of her touching herself, and sent them to Callison.  *Id.*  A later forensic analysis of Jane Doe's phone revealed these images and video, as well as

3

additional pictures Jane Doe had taken of herself in "various stages of undress." PSR ¶15. After receiving the sexually explicit material, Callison instructed Jane Doe to make a PayPal account and advertisement on Snapchat listing sexual services for sale so she could pay him back for staying at his apartment. PSR ¶¶10, 14. This advertisement came to the attention of Jane Doe's probation officer. PSR ¶¶9–10.

During this same time period—as he was providing methamphetamine and requesting sexually explicit images from a minor—Callison possessed firearms. PSR ¶¶11, 13, 16. He posted photos to Facebook of him holding a stolen handgun with the phrases "I'm a boss," "silence the haters," and "hush haters." PSR ¶11. Callison had a gun on his person as he sexually assaulted Jane Doe, and he later showed her four or five more rifles and handguns he had hidden under his bed. PSR ¶13.

During an interview with law enforcement, Callison admitted to providing methamphetamine to Jane Doe while he knew she was under 21 years old. PSR ¶16. He also said he directed Jane Doe to make the sexually explicit video, even though he was aware she was only 17 years old. *Id.* Although Callison knew he was not supposed to possess firearms due to a felony conviction in Georgia, he acknowledged he did possess handguns. *Id.*

## SENTENCING RECOMMENDATION

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;
- afford adequate deterrence to criminal conduct;
- protect the public from further crimes of the defendant; and
- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) sets forward additional considerations for the Court when imposing an appropriate sentence. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. § 3553(a)(1), (3). The Court should similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities." 18 U.S.C. §3553(a)(4), (5), (6). Finally, the Court should consider "the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a)(7). Here, Callison is facing between seventeen

and twenty-one years of imprisonment for his conduct. A review of the applicable statutory factors demonstrates 210 months is a sufficient, but not greater than necessary, sentence in this case.

### A. Seriousness of the Offense

Callison manipulated and took advantage of Jane Doe. He provided the 17-year-old methamphetamine multiple times. He sexually assaulted her while possessing a firearm. Then, knowing she was a minor, Callison continued to communicate with Jane Doe. He increased pressure on her to comply with his requests that she take and send him sexually explicit photos and videos. Jane Doe eventually sent Callison what he wanted—a sexual video and photos of a minor.

"Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). During the summer and fall of 2019, Jane Doe was a child. Callison was almost twice her age, and he was well aware of the age difference. PSR ¶12. Callison pursued Jane Doe, even though he knew she was a minor. After sexually assaulting her and making additional sexual advances that were denied, Callison continued to communicate with Jane Doe. PSR ¶¶13–14. He called her "babe" and "baby," and even told her that he loved her. PSR ¶¶14–15. Callison wanted sexually explicit images of Jane Doe, so he

6

continued to manipulate and pressure her—repeatedly requesting photos and videos—until she gave in.  PSR ¶14.

A sentence within the sentencing guideline range of 210 to 262 months is appropriate to address this crime's severity.  Providing an addictive and destructive narcotic to a minor and then receiving child pornography that was personally requested from that minor is a severe crime.  A sentence of 210 months here would be similar to other sentences imposed under the applicable U.S.S.G. §2G2.2(c)(1) cross-reverence.  *See, e.g.*, *United States v. Castro-Valenzuela*, 304 F. App'x 986, 988, 993 (3d Cir. 2008) (finding district court did not abuse discretion for applying a 220-month sentence within the guideline range for defendant with offense level of 37); *United States v. Caudill*, 427 F. App'x 301, 302 (5th Cir. 2011) (affirming a 240-month sentence under the cross-reference).

    **B.**    **History and Characteristics of the Defendant, the Need to Protect the Public, and the Need to Promote a Respect for the Law**

Callison has a criminal history spanning the last 14 years.  He has seven criminal convictions that scored 9 points for purposes of calculating his criminal history category of V.  PSR ¶¶45–52.  In addition to his convictions, Callison has several pending charges.  PSR ¶¶56–58.  In 2014, he was charged with aggravated stalking, battery, and criminal trespass after grabbing a victim by the neck, breaking a table in the victim's house, and then subsequently contacting the victim

7

without her consent.  PSR ¶61.  Those charges were ultimately dismissed but the alleged conduct is noteworthy and has parallels to the instant conviction.  *Id.*

One of Callison's felony convictions is for possession of methamphetamine with intent to distribute.  PSR ¶47.  Since 2017, when he was sentenced for that crime, Callison has shown a lack of respect for the law.  He has not changed his behavior—Callison has continued to use and sell methamphetamine.  Here, not only did he sell methamphetamine, a serious crime, but he also provided it to a minor.  He knew that Jane Doe was only 17 years old, but that did not matter to Callison.  He still provided her methamphetamine on more than one occasion.

Callison's extensive criminal history is significant for sentencing.  He has continued to repeatedly commit the same crimes.  Callison's criminal history, along with the violence he exhibited in the past, the guns he possessed, and the drugs he continues to sell, indicate the public must be protected from him.  To insure Callison does not commit the crimes at issue again, and to protect the public, a sentence within the guideline range is appropriate.

## CONCLUSION

As such, based on all the information contained in the PSR and submissions by the parties, the United States respectfully contends that a sentence of 210 months is sufficient, but not greater than necessary.

//

//

//

Respectfully submitted this 1st day of September, 2021.

                                    LEIF M. JOHNSON
                                    Acting United States Attorney

                                    */s/ Zeno B. Baucus*
                                    ZENO B. BAUCUS
                                    Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. LR 7.1(d)(2) and CR 12.1(e), the trial brief is proportionately spaced, has a typeface of 14 points or more, and the body contains 1628 words.

*/s/ Zeno B. Baucus*
Assistant U.S. Attorney
Attorney for Plaintiff