**NICK K. BROOKE**
SMITH & STEPHENS, P.C.
315 West Pine Street
Missoula, Montana 59802
Phone: (406) 721-0300
Fax: (406) 721-5370
nick@smithstephens.com

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No.: CR-20-50-M-DLC |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| ROBERT BRANDON CALLISON, | |
| Defendant. | |

The Defendant, Brandon Callison, pled guilty to one count of Receipt of Child Pornography and one count of Distributing Meth to a Person under 21.

The PSR calculates the Defendant's guidelines at Offense Level 33 and Criminal History Category of V for a range of 210-262 months. PSR ¶ 87.

For the reasons listed in this sentencing memorandum, the Defendant requests a sentence of 92 months. The Defendant also requests recommendation to complete RDAP, to obtain his GED, and to be placed at FCI Peterburg, Virginia.

## PSR OBJECTIONS OR CORRECTIONS

The Defendant has no objections or corrections to the PSR.

## 18 U.S.C. 3553(a) FACTORS

**(1)** *Nature and Circumstances of the Offense*

The underlying conduct for Callison's crimes is that he shared meth with someone he thought was 18, then received a sexual video and some nude pictures from that person after discovering she was actually 17.

Callison was approached by investigators who asked him about his relationship with J.S., his interview is attached as Exhibit A.  Callison admitted he had shared meth with J.S. and others at a party. Exhibit A at 10. That occurred when he first met J.S., and thought she was 18 at that time. Exhibit A at 18.

Callison later discovered J.S. was under 18 when she called him from the juvenile detention center in Missoula. Callison admitted that he had received nude pictures from her, and that he knew she was 17 at the time:

Q: You ask her to send some pictures to ya –

A: Alright –

Q: And you send her the dick pic –

A: Alright, yeah –

Q: And she sends you the boob pic. Do you recall that?

A: Yeah, but that's not in prostitution –

Q: Well, no, but I'm just sayin' then what I talked about early on that I want to really do a, a, uh, honesty check here is about the fingerin' video. Tell us

about the fingering video and did you share that with anyone else?

A: No –

Q: Okay, do you still have it on your phone?

A: No, I don't –

Q: What did you do with it?

A: I got, I don't, it's not in my phone –

Q: Okay, so what did you do with that?

A: It's deleted and everything –

Q: Okay, thank you. So, her concern was that you showed other people –

A: No –

Q: That would –

A: I, I –

Q: Be (inaudible) concern –

A: I would never do no shit like that –

Q: So how many fingering videos did she send to you?

A: I think one –

Q: Okay –

A: Yeah –

Q: And what was, no, go ahead, what were you gonna say?

A: And I deleted it –

Q: Okay, you deleted it when after you got it?

A: Like a day after –

Q: Okay, okay. Now, you kept it for about a day. Right –

A: Yeah –

[.      .      .]

Q: Okay, do you have other pictures of girls fingerin' themselves? Is that
kind of a common thing for ya? I know a lotta guys do that –

A: Yeah –

Q: Okay, do you have other pictures of juveniles doin' that –

A: No –

Q: Okay, so –

A: (inaudible) –

Q: At the point that that happened, uh, in September, that was after she got outta Juvie, when her grandpa told ya she was a juvenile. You knewthat she was a juvenile, at that point –

A: Alright –

Q: Is that correct?

A: Yeah –

Exhibit A at 76. Callison essentially believed his conduct was legal, as he had engaged in consensual sexual conduct with J.S. before receiving pictures from her. Id. at 23-24.

The nature of this offense differs substantially from the average child pornography case.  In 2019, the median number of images in a child pornography receipt case was 4,674. *Federal Sentencing of Child Pornography: Non-Production Offenses*, U.S. Sentencing Commission, June, 2021 at 30. Callison received two images and a video from the victim in this case.  95% of child pornography cases in 2019 involved images of victims under 12.  Id. at 10.  The images in Callison's case were of a 17 year old who Callison had previously engaged in sexual conduct with.  These circumstances do not excuse Callison's conduct here, but it does highlight that the images Callison received were far fewer

and of a less concerning nature than the typical child pornography case.

The Government's offer of proof and sentencing memorandum allege conduct amounting to forcible criminal sexual abuse and sex trafficking of children.  Importantly, neither of those crimes were ever charged in this case, and Callison is not convicted of those crimes now.  Callison emphatically denied that he had forced J.S. to have sex with him, and never encouraged J.S. to sell sex.

### (2) *History and Characteristics of the Defendant*

Brandon dropped out of high school in the 9th grade.  Brandon has struggled with meth addiction since he was 20 years old and by age 26, he was using hundreds of dollars of meth per day.  PSR ¶ 75.   Brandon became homeless shortly after moving to Missoula at the age of 28. PSR ¶ 64.

Brandon's meth use contributed directly to his criminal conduct in this case.  Callison had been employed, was in a stable living environment, and was 10 months sober from meth. Exhibit A at 9.  He started using again at the party where he met J.S., and his meth use continued during the time he asked her for nude photographs.

Brandon Callison's criminal history also demonstrates his helpless addiction to meth and how it contributes to his criminal acts. Although his history consists exclusively of petty theft and drug offenses, the accumulation of these offenses has saddled him with a Category 5 criminal history category.

Callison is clearly in need of help for his addiction. A long sentence would do little towards that goal. A sentence of 92 months with a recommendation for RDAP is reasonable in light of Callison's history and characteristics.

### (3) *Seriousness of the Offense*

Mr. Callison acknowledges the seriousness of his offense and takes full responsibility for his actions.

### (4) *Deterrence and Protection of the Public*

A harsher punishment does little to "send a message" and deter crime in a general sense. Paternoster, R., *The deterrent effect of the perceived certainty and severity of punishment: A review of the evidence and issues*, Justice Quarterly 4:173-217 (1987). As to specific deterrence, Mr. Callison plans to reform his life while incarcerated by attending RDAP and seeking other treatment options.

### (5) *Promotion of Respect for the Law*

Mr. Callison has gained respect for the law as a result of this prosecution.

### (6) *Need to Provide Defendant with Education, Training, Medical Care, or Other Correctional Treatment*

The PSR reflects that Mr. Callison would benefit from addiction treatment while incarcerated. For that reason, the Defendant requests to be recommended for RDAP while incarcerated.

### (7) *The Applicable Guidelines*

When considering the other relevant 3553(a) factors and the overstated

nature of Callison's criminal history, the Guidelines are too high. A sentence of 92 months is fair and is nearly average for receipt of child pornography cases.

## CONCLUSION

Mr. Callison prays the Court will consider this memorandum in imposing a sentence of 92 months.

RESPECTFULLY SUBMITTED this 8th day of November, 2021.

SMITH & STEPHENS, P.C.

by: */s/Nick K. Brooke*
    **Nick K. Brooke**
    *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021 a copy of the foregoing document was served on the following persons by the following means:

1,3 ___ CM-ECF
_____ Hand Delivery
__2__ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail

1.   CLERK, UNITED STATES DISTRICT COURT

2.   Brandon Callison

3.   Zeno Baucus, AUSA

By:   */s/ Nick K. Brooke*
Nick K. Brooke

SMITH & STEPHENS, P.C.
Attorney for Defendant